IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>    Plaintiff,<br><br>vs.<br><br>SIDNEY J. GARCIA,<br><br>    Defendant. | CR 06-00194-TUC-FRZ (GEE)<br><br>**REPORT AND RECOMMENDATION** |

The District Court referred this case to the magistrate for an evidentiary hearing on allegations the defendant violated conditions of his supervised release. The defendant and his attorney consented in writing to proceed before the magistrate and the evidentiary hearing was held on May 23, 2011. Upon consideration of the evidence presented and arguments of respective counsel, the magistrate recommends the District Court, after its de novo review of the record, find the defendant violated his supervised release as set forth in the petition.

**PROCEDURAL BACKGROUND/CURRENT ALLEGATIONS:**

On November 2, 2007, the defendant pled guilty to an indictment charging him with possession of stolen firearms; on that same date he was sentenced to time-served and a two (2) year term of supervised release. It should be noted that the defendant was arrested and the complaint filed in September, 2005; the indictment was filed in January, 2006. During the

period between his arrest and his change of plea and sentencing, the defendant had been found to be incompetent to stand trial and then committed to the custody of the Attorney General for a restorability study.

In February, 2009, a violation petition was filed. On June 8, 2009, the defendant admitted two of the alleged violations, and on November 19, 2009, his supervised release was revoked and he was sentenced to time-served and two (2) years of supervised release.

Most recently another violation petition was filed on March 30, 2011, alleging the following violations: (1) the defendant failed to report to the probation officer that he was arrested on March 5, 2011, for an alleged assault; and (2) on March 5, 2011, the defendant had admitted "consuming alcohol steadily for the past three days."

**EVIDENCE:**

*Leonard Henry*

Henry is a detective with the Tohono O'odham Police Department. At approximately 4:30 p.m. on March 5, 2011, he responded to a residence regarding an assault call. He met officer James Jolly at the residence and spoke with the resident, Douglas Alvarez, who was bleeding and grimacing in pain. Alvarez stated three individuals had assaulted him. He named the three individuals, described what they were wearing, and indicated the direction in which they had fled. Henry and Jolly located the three individuals together. The defendant was one of those three. At about 8:30 p.m., at the Tohono O'odham Jail, the defendant was advised of his *Miranda* rights and told that he was being charged with assault.

Henry testified he detected the odor of intoxicants "coming from [the defendant's] mouth, breath and his person." The defendant advised he had been drinking beer from Thursday, March 3, 2011 through Saturday, March 5, 2011.

On cross-examination Henry stated the defendant signed no document admitting he had been drinking. Officer Jolly discovered the defendant was on federal "probation." After the defendant was advised of the charges him, he was released (because the jail was "too full and overcrowded") and given a ride "to his home or wherever he wanted to go." Henry also

- 2 -

stated officer Jolly contacted the federal probation officer that same evening in the presence of both the defendant and Henry.

### *James Jolly*

Jolly is a police officer for the Tohono O'odham Nation. On March 5, 2011, he responded to a call from a residence in Sells. When he arrived Detective Henry asked him to assist in locating the assault suspects. Jolly stated that when they located the suspects he noticed that defendant Garcia had a "slight odor of an intoxicating beverage emitting from his mouth and his person and ...he had bloodshot watery eyes." Jolly handcuffed the defendant and transported him to the jail in Sells where he conducted a "wants and warrants check" on Garcia and learned he was on federal supervision and that his probation officer was Adrianna Santa Ana. Jolly contacted Santa Ana that same night and advised her he had arrested Garcia. Jolly testified he told the defendant he had contacted the probation officer, and that the defendant should also contact Santa Ana about this police contact.

On cross-examination Jolly stated he was not present when the *Miranda* rights were read to Garcia and he does not recall if the defendant signed a written waiver of those rights. Jolly also stated that Garcia was present when he (Jolly) called the federal probation officer.

### *Adria Santa Ana*

Santa Ana is the probation officer assigned to supervise the defendant in this case. She stated Garcia began the current term of supervised release in November, 2010; she reviewed the conditions with him in person on January 19, 2011, and he signed a document indicating he understood the conditions.

She testified that on March 5, 2011, Officer Jolly called her and advised that Garcia was in custody and charged with assault. She stated Garcia never contacted her regarding the March 5th incident.

On cross-examination Santa Ana admitted that she may have advised Jolly that she would contact the defendant in the "near future." She also stated that she has not spoken with the

defendant regarding the March 5th arrest. She also stated she has nothing in writing from the defendant wherein he admits to drinking. Santa Ana also admitted she knows the defendant has "mental issues" and that he is required to take medication that keeps the "mental condition under control."

**DISCUSSION:**

Defense counsel stated that neither of the tribal officers reported noticing "anything unusual" about the defendant's behavior at the time of his arrest on March 5th (presumably she is referring to nothing "unusual" aside from his being intoxicated."). Counsel went on to state that when Garcia is taking his prescribed psychotropic medication he experiences secondary side effects which include almost continual muscle spasms or tics. Counsel argues that because neither officer reported seeing those behaviors, the defendant was not on his medications on the 5th. Therefore, "there's a question as to how much he understands of what's going on."

Counsel went on to argue that because Garcia was present when Jolly spoke with Santa Ana, he understood she knew of his police contact and did not think it was necessary for him to further advise her. Furthermore, Garcia may have understood that Santa Ana was going to make contact with him.

With regard to the allegation of alcohol consumption, defense counsel argued there was no *Miranda* waiver, and the defendant neither signed an admission nor made an admission to the probation officer.

Government submitted the matter without argument.

The testimony of Henry and Jolly was not controverted regarding the signs of alcohol consumption observed by the officers nor the defendant's admission to them of such consumption. The case law does not require the defendant to make an admission to the probation officer. Furthermore, although counsel's argument may be reasonable, because the defendant did not testify there is no evidence as to what he really believed regarding his obligation to report the police contact to his probation officer. Also, absent any testimony

- 4 -

from the defendant or any testimony from a mental health expert, there is no way for this court to make a determination as to the defendant's mental competency on the evening of March 5th.

## RECOMMENDATION:

In view of the foregoing, the magistrate recommends that the District Court, after its independent review of the record, find the defendant has violated the conditions of supervised release as set forth in the petition. Any party may file and serve objections within 14 days after being served with a copy of this Report and Recommendation. If objections are not timely filed, the party's right to de novo review may be waived. If objections are filed, the parties should direct them to the District Court **by omitting the magistrate's initials from the caption.**

This Report and Recommendation is being faxed to all counsel on today's date. The Clerk of the Court is directed to send a copy of this Report and Recommendation to all counsel.

DATED this 13th day of July, 2011.

Glenda E. Edmonds
United States Magistrate Judge